**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY G. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-332 JMB |
| | ) | |
| LYNN BOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Anthony G. Moore for leave to commence this civil action in forma pauperis, or without prepayment of the required filing fees and costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As a result, plaintiff's motion seeking appointment of counsel will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

2

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint and Supplemental Complaint

Plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC) brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against four defendants: (1) Lynn Bock (ERDCC Finance Officer); (2) Cyndi Prudden (Missouri Department of Corrections (MDOC) Zone Manager); (3) J. Hoffmeister (ERDCC Acting Warden); and (4) Cindy Griffith (MDOC Division Director). In the supplemental complaint, plaintiff alleges that he is bringing his allegations against defendants in both their official and individual capacities.

Plaintiff alleges that defendants have failed to issue "green checks" from his savings when he has asked them to do so. He claims that he would like to use the fees in his savings for "legal fees," however; the Missouri Department of Corrections employees listed as defendants in this action have refused to pay for those fees from his inmate accounts on three separate occasions: August 2017, January 2018 and April 2018. Plaintiff believes that this is a lack of access to the Courts.

Plaintiff, however, has not provided any details as to what specific court actions he wished to have the fees released to pursue during these time periods. Plaintiff has also failed to indicate how the alleged lack of fees have affected those court actions.

Plaintiff seeks monetary damages in this action in excess of several hundred thousand dollars.

### Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2).

### A. Claims Against the Individual Defendants in their Official Capacities

Plaintiff sues the defendants, employees of the Missouri Department of Corrections, in their official capacities. Claims brought against the Missouri Department of Corrections are actually claims brought against the State of Missouri. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Similarly, claims brought against state officers in their official capacities are claims against the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)

Unfortunately, the State of Missouri is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages. *See Will,* 491 U.S. at 71; *see also*, *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (asserting that "a state is not a person for purposes of a claim for money damages under § 1983"). For these reasons, plaintiff's claims for relief against defendants in their official capacities are subject to dismissal.

4

### B.   Claims Against the Individual Defendants in their Individual Capacities

Plaintiff asserts that defendants' actions have violated his First Amendment right of access to the courts. To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis*, 518 U.S. at 353 n.4). Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself or advance a viable legal claim in a criminal appeal, postconviction matter, or civil rights action. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative.").

Here, plaintiff alleges no actual injury from the lack of green checks. He does assert that he was denied the opportunity to make any legal claim on his own behalf in a specific litigation or that he was unable to respond to any court order in a timely manner. As such, plaintiff has failed to make a viable access to courts claim under the First Amendment against defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

IT IS FURTHER ORDERED that plaintiff's motion to supplement his complaint [ECF No. 5] is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against all defendants are DISMISSED without prejudice. See 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel [ECF No. 2] is DENIED as moot.

IT IS HEREBY CERTIFIED that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 25th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE