## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY G. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-332 JMB |
| | ) | |
| LYNN BOCK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Anthony Moore's motion for reconsideration of the dismissal of this action. On August 25, 2022, the Court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. [ECF Nos. 6 and 7]. Plaintiff filed a post-dismissal motion to amend his complaint on September 19, 2022, which the Court denied on September 20, 2022. [ECF Nos. 9 and 10]. For the reasons discussed below, the Court will decline to reconsider the dismissal of this action.

Plaintiff asserts in his motion for reconsideration, which was placed in the prison mailing system at Eastern Reception Diagnostic and Correctional Center on October 6, 2022, that he is entitled to reconsideration of the dismissal of this action because he has new evidence of a First Amendment violation perpetuated against him by defendants regarding their failure to pay fees from his inmate account when he asked them to do so. He claims that this failure resulted in the dismissal of his lawsuits on three separate occasions, in August of 2017, January 2018 and April 2018.

Plaintiff asserts that he is bringing his pro se motion for reconsideration under Rule 59(e) (motion to alter or amend the judgment). Fed. R. Civ. P. 59(e); s*ee also Sanders v. Clemco Indus.*,

862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment. Fed.R.Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).

Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff's motion to alter or amend judgment was due to this Court no later than September 22, 2022. As plaintiff filed his motion to amend his complaint prior to that date, he was within the time for filing his Rule 59(e) motion. *See Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir.1986) (quoting 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] at 4–82 (2d ed. 1995) ("Any motion that draws into question the correctness of the judgment is functionally a motion under [Fed.R.Civ.P. 59(e)], whatever its label.")). Nonetheless, a Rule 59(e) is not a means "to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Relief is granted under Rule 59(e) only upon a showing of "exceptional circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir. 1986).

Additionally, the Court has reviewed the materials provided by plaintiff and found no evidence that claims were denied by a Court in August of 2017, January of 2018 and April of 2018 as a result of the Missouri Department of Corrections' failure to tender green fees on behalf of plaintiff. Furthermore, the case materials provided by plaintiff refer to a 2007 case brought by plaintiff in this Court that was dismissed on summary judgment in November of 2009 by the Honorable Donald J. Stohr. *See Moore v. Weber*, No. 4:07-CV-620 DJS (E.D.Mo November 18,

2

2009). Plaintiff sued two St. Louis City Police Officers for excessive force in that lawsuit relating to being shot during his arrest. The two officers moved for summary judgment on the basis of qualified immunity on August 18, 2008. Plaintiff filed a response to the motion for summary judgment on February 12, 2009.

In finding that summary judgment was appropriate, the Court also denied plaintiff's motion for an extension of time to file his response to defendants' motion for summary judgment. The Court explicitly found:

> On February 6, 2009, plaintiff filed a motion for an extension of time to file an opposition to defendants' motion. Plaintiff states that, although defendants' motion for summary judgment was filed in August, he only became aware of it on January 23, 2009. Plaintiff's motion for an extension of time will be denied. First, attached to defendants' motion for summary judgment is a certificate of service, and there is no reason to believe that plaintiff did not receive notice of defendants' motion. However, even if plaintiff did not receive notice of defendants' motion in August, the Court included in its October 1, 2008, order, the statement "on August 18, 2008, defendants filed a motion for summary judgment." Doc. #54. Accordingly, plaintiff, at the very latest, received notice of defendants' motion at the beginning of October, and his current motion for an extension of time comes four months later.

Thus, plaintiff's action in *Moore v. Weber* was not dismissed because of the Missouri Department of Corrections' failure to pay a green check, or even due to a failure on behalf of the Missouri Department of Corrections to properly deliver the mail as plaintiff is now asserting. The action was dismissed on summary judgment grounds in favor of defendants.[1] As a result,

---

[1] Plaintiff also includes a note indicating that MDOC failed to provide a "transfer to personal account from savings" of $250 in August of 2017 due to failure to provide adequate information to MDOC relating to who the attorney was, what the representation was for, and the court case. This Court is not an arbiter of Missouri Department of Corrections' Policies and Procedures. Plaintiff has failed to provide the requisite information showing that he did, indeed, provide the appropriate information necessary to MDOC to facilitate such a transfer under the policy. Additionally, there is no indication that plaintiff had an actual court case connected with this time period or that he was unable to pursue a court action as a result of this issue.

3

plaintiff is unable to argue that his First Amendment rights were violated by defendants in this action.

In light of the aforementioned, the Court finds no grounds for reconsideration of the dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [ECF No. 11] is **DENIED.**

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that any future documents or pleadings in this action shall be filed in the Eighth Circuit Court of Appeals, except for a Notice of Appeal.

Dated this 20th day of October, 2022.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE